United States District Court
Southern District of Texas
**ENTERED**
July 15, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | CRIMINAL ACTION NO. H-12-00167-1 |
| § | CIVIL ACTION NO. H-14-03196 |
| vs. § | |
| § | |
| ANDRE McDANIELS, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

This is Andre McDaniels's second motion seeking relief from his judgment of conviction. He was indicted in 2011 and convicted in September 2012 of participating in a human-trafficking enterprise by forcing women and children into prostitution. He pleaded guilty to four counts, including conspiracy, under a written plea agreement and received a 96-month sentence. (*See* Criminal Action 4:09-453).

In March 2012, McDaniels was indicted for nine counts of tampering with a witness by corrupt persuasion, in violation of 18 U.S.C. §§ 1512(b)(1), (b)(2)(A) and (j). The indictment alleged that McDaniels had solicited an undercover agent posing as a private investigator to bribe witnesses the government intended to call, to induce them not to testify or to change their testimony and, if they could not be bribed, to investigate them and threaten to disclose compromising personal information about them. The indictment also alleged that McDaniels told the agent to investigate the personal lives of the government agents and prosecutor. In September 2012, a few weeks after pleading guilty in the sex-trafficking case, McDaniels pleaded guilty without a plea agreement to all nine counts in the witness-tampering indictment. The court imposed a 78-month sentence, the

lowest point on the Guideline range, to run consecutive to the undischarged portion of the sentence McDaniels was serving in the sex-trafficking case.

McDaniels appealed, without success. He timely filed a motion to vacate under 28 U.S.C. § 2255. (Civil Action No. 14-3196). The trial court issued an opinion denying the motion. The opinion set out in detail the facts established by the record, including the rearraignments and sentencing proceedings in both the sex-trafficking case and the witness-tampering case. The opinion made clear that there was no basis to find a breach of the plea agreement by the prosecutors in the witness-tampering case or any outrageous government conduct in the plea agreement in the sex-trafficking case or in the pleas and sentencing proceedings in both cases, as McDaniels alleged. Nor was there any basis to find defense or appellate counsel deficient in failing to object to the government's conduct, or prejudice as a result.

McDaniels raises essentially the same arguments in his present Rule 59(e) motion to alter or amend the judgment denying relief in the § 2255 petition. A Rule 59(e) motion to amend a judgment "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *see also Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). "Relief . . . is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *accord Arceneaux v. State Farm Fire*

*& Cas. Co.*, No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008) ("To obtain relief under Rule 59(e), the movant must (1) show that its motion is necessary to correct a manifest error of law or fact, (2) present newly discovered or previously unavailable evidence, (3) show that its motion is necessary to prevent manifest injustice, or (4) show that its motion is justified by an intervening change in the controlling law.") (citation omitted). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citation omitted); *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Fifth Circuit has stated that the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (citation omitted).

  McDaniels again accuses the government of violating the sex-trafficking case plea agreement, as modified by statements the prosecutors made in court during the sex-trafficking rearraignment. McDaniels asserts that in court, the prosecutors in the sex-trafficking case bound themselves not to allow the sentence in the related witness-tampering case to be increased by reference to the sex-trafficking case. He alleges that the prosecutors in this witness-tampering case violated that promise.

  The record defeats McDaniels's accusations. The plea agreement in the sex-trafficking case was entered under Rule 11(c)(1)(C) and bound the court to impose a 96-month sentence. The plea agreement stated that it was complete except as modified in writing. (Docket Entry No. 259, pp. 4, 5). McDaniels waived appeal and collateral challenges and stated that he understood that any advice from his counsel about the sentence he might receive did not induce his guilty plea. (*Id*.). The

prosecutor in the sex-trafficking case stated in court that the government would dismiss counts in the witness-tampering case, adding grounds for conviction relating to the sex-trafficking case, and would not charge McDaniels with another count based on the sex-trafficking case. (Docket Entry No. 350, pp. 9, 10). The prosecutor also stated that the guilty plea in the sex-trafficking case would not impact the statutory range of punishment or the sentencing guideline computation in the witness-tampering case. (*Id*., p. 13). It did neither.

There was no plea agreement in the witness-tampering case. In the rearraignment hearing, this court held an extensive colloquy with McDaniels, including the following exchanges:

> THE COURT: Did you and your lawyer talk about how the sentence in your case might be determined?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: I have told you the worst-case scenario, but, today, we don't know for sure what sentence you're going to get. Do you understand that uncertainty?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Before we know that, there has to be a presentence investigation, a report, we have to figure out how the Sentencing Guidelines apply to you, and then we have to figure out whether you should be sentenced within the guidelines, above them or below them, and exactly how much time you ought to get, and none of that work has been done yet. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: If it turns out after we do all that work that the sentence you get is heavier than you expect, you're stuck; you can't get out of your guilty plea. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: A lot of things go into figuring out the sentence. One of them

>                             is your criminal history.  The longer it is and the worse it is
>                             the heavier your sentence in this case will be.  Do you
>                             understand that?
>
> THE DEFENDANT:  Yes, ma'am.

(12-cr-167, Docket Entry No. 63, pp. 11-12).

> THE COURT:          And the government has made no promises affecting
>                     sentencing.  Is that correct?  Counsel?
>
> MR. FEAZEL:         That's correct, Your Honor.  Excuse me.
>
> THE COURT:          That means at the time of sentencing the Government can
>                     come in and ask me for the heaviest possible sentence
>                     available under the law.  Do you understand that?
>
> THE DEFENDANT:      Yes, ma'am.
>
> THE COURT:          Even if they don't, I'm not obligated to follow the Government's
>                     recommendation.  Even if I sentence you more harshly than the
>                     Government wants, you still can't get out of your plea.  Do you
>                     understand that?
>
> THE DEFENDANT:      Yes, ma'am.
>
> THE COURT:          And, finally, the Government has made no promises here that
>                     if you cooperate or help them that you would then get a
>                     request for a lower sentence because of that.  There is no
>                     guarantee and no promise.  Do you understand that?
>
> THE DEFENDANT:      Yes, ma'am.

(*Id.*, pp. 12-13).

In sentencing McDaniels in the witness-tampering case, this court modified the PSR to lower the criminal history category from III to II, by removing the sex-trafficking conviction. As this court stated in the opinion denying the § 2255 motion, that ruling "implemented the government's statements in the sex-trafficking case and avoided any risk of double counting the conviction." (12-cr-167, Docket Entry No. 90, p. 7).  That reduced the Guideline range as well, from 87 to 108

5

months, to 78 to 97 months. This court imposed sentence at the lowest Guideline point, 78 months. The government did argue in this case that the court should run the Guideline sentence consecutive to the undischarged portion of the sentence in the sex-trafficking case. The court agreed, for the reasons set out in detail in the opinion denying McDaniels's § 2255 motion. That argument did not violate the plea agreement in the sex-trafficking case and was not improper government conduct.

There is no basis to grant the Rule 59(e) motion McDaniels seeks. The motion is denied.

SIGNED on July 15, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge